UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NICHOLAS QUINTANA,

    Plaintiff,
vs.

POLLACK & ROSEN, P.A &
CAPITAL ONE BANK (USA), N.A.

    Defendants.
_____/

# COMPLAINT
**(Jury Demand)**

Plaintiff Nicholas Quintana ("**Plaintiff**"), by and through his attorneys, as and for his Complaint against Defendants Pollack & Rosen, P.A. ("**Pollack & Rosen**") and Defendant Capital One Services, LLC dba Capital One Bank (USA) N.A. ("**Capital One**") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., ("**FCRA**") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., ("**FDCPA**") by Defendants Pollack & Rosen and Capital One (collectively, the "Defendants").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to according to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, 15 U.S.C. § 1337(a), and 15 U.S.C § 1692.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

4. Plaintiff brings this action for damages arising from the Defendants' violations of the FCRA and FDCPA.

## PARTIES

5. Plaintiff is a natural person residing in Broward County, Florida.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Capital One is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service at Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, FL, 32301.

7. Capital One is a "Data furnisher to consumer reporting agencies" according to 15 U.S.C. § 1681a(p).

8. Defendant Pollack & Rosen is a professional association formed under the laws of the State of Florida with an address for service at its principal place of business at 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

9. Pollack & Rosen is a "Debt Collector" according to 15 U.S.C. § 1692a(6).

## DEFINITIONS

10. Inaccurate – **E.g., Foster v. Santander Consumer United States, Inc., 2019 U.S. Dist.** *"Under . . . the FCRA . . . an item on a credit report is inaccurate if it is either 'patently*

2

*incorrect, or . . . misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"*.

11.     CFPB – Consumer Financial Protection Bureau

12.     CRA – Consumer Reporting Agency. Also known as Equifax {INSERT FULL NAME}, Transunion {INSERT FULL NAME}, and Experian Information Services, LLC.

13.     FCRA – Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*,

14.     FDCPA – Fair Debt Collection Practices Act 15 U.S.C § 1692, *et seq.*,

## FACTUAL ALLEGATIONS

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

16.     Defendant Pollack & Rosen sought to collect from Plaintiff an alleged debt arising from a credit card.

17.     Plaintiff used the credit card for his own personal, family, and household purposes.

18.     Plaintiff's alleged credit card debt went into default with his original creditor, Capital One.

19.     Thereafter, Defendant Pollack & Rosen was retained by Defendant Capital One for the purpose of collecting the purported debt.

20.     Accordingly, Defendants filed an action in Broward County, Florida, Case No. COCE-21-016937 (the "Debt Action").

21.     In prosecuting the Debt Action, Defendant Pollack & Rosen failed to comply with its obligations pursuant to 1692(g) and never provided Plaintiff with a Notice of Debt or the opportunity to validate the debt.

22.     Notably, Plaintiff was never made aware of his consumer right to dispute the validity of the debt within thirty days after receipt of the notice of debt. Instead, he was made to believe by Defendant Pollack & Rosen that he had no choice but to settle the Debt Action or pay the underlying debt in full.

23.     Instead of complying with its statutory and ethical obligations, Defendant Pollack & Rosen induced Plaintiff to execute a settlement agreement by misrepresenting the repercussions he could face for a failure to settle the Debt Action.

24.     Specifically, Defendant Pollack & Rosen claimed that Plaintiff's wages would be garnished, he would face other sanctions, and engaged in other false and deceptive tactics, ultimately misleading and fraudulent and negligently inducing Plaintiff into settling the Debt Action.

25.     Accordingly, on or about July 27, 2021, Plaintiff executed a Settlement Agreement (the "Settlement Agreement") governing the Debt Action, relying on and induced by Defendant Pollack & Rosen's negligent and fraudulent misrepresentations.

26.     Thereafter, on or about August 3, 2022, Plaintiff sent Defendant Pollack & Rosen an affidavit disputing and rescinding the Settlement Agreement due to the coercive and deceptive tactics Pollack & Rosen engaged in throughout the settlement process.

27.     In Plaintiff's affidavit, he requested that Defendants produce all documentary evidence of the tradeline and credit card debt that was the subject of the Debt Action and the Settlement Agreement.

28.     On or about August 18, 2022, Defendant Pollack & Rosen responded to Plaintiff's dispute, stating the following: "The Firm (referring to Defendant Pollack & Rosen) will NOT take further collection action during the pendency of the dispute claim investigation." CFPB portal ID 220804-9164960.

29.     In addition, on or about August 18, 2022, Defendant Pollack & Rosen sent Plaintiff billing statements via mail and, once again, failed to provide a notice of debt or to disclose its status as a debt collector.

30.     Defendant Pollack & Rosen summarily and indisputably **failed to disclose its status as a debt collector** in its August 18, 2022 response to Plaintiff as it is so required to do pursuant to the FDCPA in all communications subsequent to the Settlement Agreement.

31.     Additionally, not only did Defendant Pollack & Rosen fail to disclose its status as a debt collector, but it also failed to provide any documentary evidence on behalf of Capital One regarding the validity of the debt.

32.     Rather than complying with its statutory obligations and to its own representations of ceasing all collection efforts, on or about October 26, 2022, Defendant Pollack & Rosen filed an "Affidavit of Amount Due," requesting the entry of a final judgment in the Debt Action, notwithstanding its disclosures to cease all collection efforts as stated in its CFPB response to Plaintiff.

33.     Plaintiff has submitted numerous dispute letters to Defendant Capital One, ranging from December 29, 2022 through July 7, 2023, challenging the accuracy of the tradeline (51780582****) Defendant Capital One continues to furnish to the CRAs (Equifax, Transunion and Experian).

34.     Defendant Capital One has summarily failed to include notice of dispute by consumer in the comments section on Plaintiff's credit reports as it relates to tradeline (51780582****), and, therefore, Defendant Capital One continues to breach its duties as a furnisher pursuant to the FCRA.

35.     In addition to submitting dispute letters to Defendant Capital One in its capacity as a furnisher, Plaintiff has also submitted the letters directly to the CRA via mail and through the CFPB portal.

36.     The CRAs' have responded informing Plaintiff that Capital One has verified the tradelines are reporting accurately, although Defendant Capital One has received Plaintiff's various dispute letters and continuously fails to include the notice of the disputed debt as required pursuant to the FCRA.

37.     On or about July 6, 2023, Plaintiff submitted another CFPB complaint including all of the dispute letters and all of the evidence surrounding this claim, thereby informing Defendant Capital One that this action was to be filed for its continuous breaches and failure to correct the disputed information, or, in the alterative, to include the notices of the disputed information to the FCRAs.

38.     Plaintiff has been denied credit because of Defendant's failure to correct inaccurate information about tradeline (51780582****) on Plaintiff's consumer report.

39. Plaintiff's tradeline (51780582****) remains inaccurate on his consumer report regarding the following categories: Account Type – Detail, High Credit, Credit Limit, Last Reported, Missing Notice of dispute in comments section (Equifax consumer report), Date of Last Payment, and Payment History Profile, Past due.

40. Plaintiff's credit score has decreased, and Plaintiff has been denied credit because of Defendant Capital One's failure to correct the inaccurate information on Plaintiff's consumer report.

41. Plaintiff has suffered actual, emotional, and statutory damages due to Defendants' continuous breaches.

## COUNT I

### [Willful Violations of 15 U.S.C 1692e(11) as to Pollack & Rosen]

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

43. In Defendant Pollack & Rosen's August 18, 2021 response to Plaintiff's dispute through CFPB complaint portal, Defendant failed to disclose that it is a debt collector in violation of 15 U.S.C. §1692e(11).

44. Defendant Pollack & Rosen stated in the same response, that Defendant shall cease all collection action until the reinvestigation is complete.

45. Defendant Pollack & Rosen failed to respond with reinvestigation results and submitted a final judgment in the Debt Action, engaging in false and misleading representations and using unfair and deceptive debt collection practices.

46. Additionally, in Defendant Pollack & Rosen's August 18, 2023 mail to Plaintiff's home, it once again failed to disclose its status as a debt collector.

47. As a result of the conduct, actions and inactions of Defendant, Plaintiff has suffered and incurred statutory and actual damages.

48. The conduct, actions and inactions of Defendant were willful, rendering it liable for statutory and actual damages in an amount to be determined by the Court, according to 15 U.S.C. § 1692(k).

49. In the alternative, Defendant was negligent, entitling Plaintiff to recover statutory and actual damages according to 15 U.S.C. § 1692(k).

50. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court, according to 15 U.S.C. § 1692(k).

## COUNT II

**[Willful Violation 15 U.S.C. 1681s-2(a)&(b) as to Capital One]**

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

53. Pursuant to the Act, all persons who furnish information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

8

54. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the CRAs receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

55. The results of the investigation must be reported to the CRA and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Capital One must report the results to other agencies which were supplied such information.

56. Plaintiff has submitted dispute letters to the CRA's, thereby informing Defendant Capital One of the exact information reporting inaccurate on Plaintiff's consumer report (from December 2022 to July 2023).

57. The CRAs' have forwarded Plaintiff's disputes directly to Defendant Capital One to conduct a reasonable reinvestigation to correct the disputed information.

58. On Plaintiff's updated consumer report each month from January 2022 to July 2023, the disputed information remained inconsistently reported across each CRA.

59. Defendant Capital One has failed to correct or update the inaccurate information on multiple occasions committing a willful violation of Defendant Capital One's statutory obligations pursuant to 15 U.S.C § 1681s-2.

60. Plaintiff's consumer report does not state that the tradeline has been disputed in the comments section, rendering the tradeline incomplete, therefore, Defendant Capital One continued to commit willful violations of its statutory obligations pursuant to 15 U.S.C § 1681s-2(a)(3).

61. As a result of the conduct, action and inaction of the Defendant Capital One, Plaintiff has suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

62. The conduct, actions and inactions of Defendant Capital One was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

63. Plaintiff is entitled to recover costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court, according to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o).

## COUNT III

### [Negligent Violation 15 U.S.C. 1681s-2(a)&(b) as to Capital One]

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

66. Pursuant to the Act, all persons who furnish information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

67. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the CRAs receives a notice of dispute from a consumer such as the Plaintiff. The

10

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the CRA and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Capital One must report the results to other agencies which were supplied such information.

69. Plaintiff has submitted dispute letters to the CRA's, thereby informing Defendant Capital One of the exact information reporting inaccurate on Plaintiff's consumer report (from December 2022 to July 2023).

70. The CRAs' have forwarded Plaintiff's disputes directly to Defendant Capital One to conduct a reasonable reinvestigation to correct the disputed information.

71. On Plaintiff's updated consumer report each month from January 2022 to July 2023, the disputed information remained inconsistently reported across each CRA.

72. Defendant Capital One has failed to correct or update the inaccurate information on multiple occasions committing a negligent violation of Defendant Capital One's statutory obligations pursuant to 15 U.S.C § 1681s-2.

73. Plaintiff's consumer report does not state that the tradeline has been disputed in the comments section, rendering the tradeline incomplete, therefore, Defendant Capital One continued to commit negligent violations of its statutory obligations pursuant to 15 U.S.C § 1681s-2(a)(3).

74.     As a result of the conduct, action and inaction of the Defendant Capital One, Plaintiff has suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75.     Defendant Capital One was negligent, entitling Plaintiff to recover damages according to 15 U.S.C. § 1681o.

76.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Capital One in an amount to be determined by the Court, according to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o).

## DEMAND FOR JURY TRIAL

77.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff demands judgment against Defendants for:

(i)     actual, statutory and punitive damages;

(ii)    attorney's fees and costs;

(iii)   pre-judgment and post-judgment interest;

(iv)    any other relief this Honorable Court deems just and proper.

Respectfully submitted,

This 17th day of August, 20123

**LOVAT LAW, PLLC**

/s/ *Monique N. Reyes*
Monique N. Reyes
FL Bar No, 1026823
Laura A. Abril
FL Bar No. 1028906

Lovat Law, PLLC.
2121 Biscayne Blvd. #1644
Miami, FL 33137
Telephone: (305) 710-7106
Email: Monique@lovatlaw.com;
         Office@lovatlaw.com

*Attorneys for Plaintiff*